# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SALLY VAUGHN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2539 |
| | § | |
| UNIVERSITY OF HOUSTON, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Sally Vaughn's Third Amended Complaint [Doc. # 60]. The Third Amended Complaint was docketed as an opposed Motion for Leave to File Third Amended Complaint, but there is no motion. Because the Third Amended Complaint is untimely and because Plaintiff has not shown good cause for her delay, the Third Amended Complaint, treated as an opposed Motion for Leave to Amend, is **denied**.

Plaintiff filed this lawsuit on July 21, 2005, naming as Defendants the University of Houston, Jay Gouge (President of the University), John Antel (Dean of the College of Liberal Arts and Social Sciences), and Sue Kellogg (Chairperson of the Department of History). In the Docket Control Order [Doc. # 12], entered December 2, 2005, after consultation with and input from counsel for all parties, the Court ordered that any amendments to pleadings had to be filed by February 1, 2006.

On January 31, 2006, Plaintiff filed her timely First Amended Complaint [Doc. # 13]. The February 1, 2006, deadline for amendments to pleadings then passed with no request to extend the deadline.

On October 23, 2006, Plaintiff filed a Motion for Leave to Amend [Doc. # 40]. Although the deadline for amendments had passed, Defendant did not file any opposition to Plaintiff's motion. The Court granted Plaintiff's request to amend and, on December 4, 2006, Plaintiff filed her Second Amended Complaint [Doc. # 42].

Although other deadlines in the case have been extended repeatedly, the February 1, 2006, deadline for amendments to pleadings has not been extended. Plaintiff's current attempt to amend her complaint for the third time was filed December 17, 2007, well after the deadline for amendments expired.

"Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.' The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend;  (2) the importance

of the amendment;  (3) potential prejudice in allowing the amendment;  and (4) the availability of a continuance to cure such prejudice.'" *Id.*

Plaintiff has not attempted to explain why she waited so long to seek leave to amend, nor why a Third Amended Complaint is necessary at this stage of the proceedings.  This case is has been pending for almost two and one-half years, and is one of the oldest cases on the Court's docket.  If the amendment is allowed, Defendants would be seriously prejudiced.  The Third Amended Complaint again names John Antel and Susan Kellogg as Defendants, notwithstanding Plaintiff's voluntary dismissal of those two defendants with prejudice.  Discovery is now closed, and Defendants' Motion for Summary Judgment has been pending since November 9, 2007.  Defendants are entitled to a ruling on their motion without further delay.

The Court has repeatedly granted extensions of time for Plaintiff to file responses. *See* Order granting extension for Plaintiff to file Rule 7 Reply [Doc. # 22]; Order granting extension for Plaintiff to file response to individual defendants' Motion to Dismiss [Doc. # 39]; Order granting extension for Plaintiff to file response to Defendants' Motion for Summary Judgment [Doc. # 59].  The Court has on at least four occasions entered orders extending discovery, motions, and other deadlines. *See* Orders [Docs. # 34, # 45, # 48, # 51].  Consequently, another continuance would not cure, but would instead enhance, the prejudice to Defendants.  Accordingly, the Court

exercises its discretion to preserve the integrity and purpose of the docket control order, and it is hereby

**ORDERED** that Plaintiff's Motion for Leave to File Third Amended Complaint [Doc. # 60] is **DENIED**.  It is further

**ORDERED** that the deadline for Plaintiff to respond to Defendant's Motion for Summary Judgment remains **December 21, 2007**.

SIGNED at Houston, Texas, this **18th** day of **December, 2007.**

Nancy F. Atlas
United States District Judge