# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SALLY VAUGHN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2539 |
| | § | |
| UNIVERSITY OF HOUSTON, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Sally Vaughn's Opposed Motion for Leave to Amend and File Third Amended Complaint ("Motion to Amend") [Doc. # 62]. The Motion to Amend is untimely and Plaintiff has not shown good cause for her delay. As a result, the Motion to Amend is **denied**.

As noted in the Memorandum and Order [Doc. # 61] denying Plaintiff's Third Amended Complaint, treated as a Motion to Amend, Plaintiff filed this lawsuit on July 21, 2005, naming as Defendants the University of Houston, Jay Gouge (President of the University), John Antel (Dean of the College of Liberal Arts and Social Sciences), and Sue Kellogg (Chairperson of the Department of History). In the Docket Control Order [Doc. # 12], entered December 2, 2005, after consultation with and input from counsel for all parties, the Court ordered that any amendments to pleadings had to be filed by February 1, 2006. The February 1, 2006, deadline for amendments to

pleadings has not been extended.  Plaintiff's current attempt to amend her complaint for the third time was filed December 17, 2007, well after the deadline for amendments expired.

"Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court.  Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.'  The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"  *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).  "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend;  (2) the importance of the amendment;  (3) potential prejudice in allowing the amendment;  and (4) the availability of a continuance to cure such prejudice.'"  *Id.*

Plaintiff does not explain in any detail why she waited so long to seek leave to amend, nor why a Third Amended Complaint is necessary at this stage of the proceedings.  She seeks to add an Equal Pay Act claim, and she clarifies that she does not seek to name as defendants those individuals she previously dismissed with prejudice.  This case is has been pending for almost two and one-half years.  If the amendment is allowed, Defendants would be seriously prejudiced.  The Third Amended

Complaint adds a new claim not asserted in the Complaint, the First Amended Complaint, or the Second Amended Complaint.   Discovery is now closed, and Defendants' Motion for Summary Judgment has been pending since November 9, 2007. Defendants are entitled to a ruling on their motion without further delay.

As discussed more fully in the prior Memorandum and Order [Doc. # 61], the Court has repeatedly granted extensions of time for Plaintiff to file responses and has entered several orders extending discovery, motions, and other deadlines.   Another continuance would not cure the prejudice to Defendants.   Accordingly, the Court exercises its discretion to preserve the integrity and purpose of the docket control order, and it is hereby

**ORDERED** that Plaintiff's Motion to Amend [Doc. # 62] is **DENIED**.   It is further

**ORDERED** that the deadline for Plaintiff to respond to Defendant's Motion for Summary Judgment remains **December 21, 2007**.

SIGNED at Houston, Texas, this **20th** day of **December, 2007.**

Nancy F. Atlas
United States District Judge